In the Matter of 500 FIFTH AVENUE, INC., Respondent. WISE SHOE COMPANY, INC. (MARYLAND), et al., Appellants.

First Department, June 30, 1948.

*Bernard Weiss* of counsel (*Dorff* and *Levy*, attorneys), for appellants.

*Clarence S. Barasch* of counsel (*Alexander Pfeiffer* with him on the brief; *Pfeiffer & Crames*, attorneys), for respondent.

PECK, P. J.   Appellant Wise Shoe Company (Maryland) occupies a store under a statutory tenancy since the expiration of its five-year lease on August 31, 1947.  The rent under the lease was a percentage of the tenant's gross income, with a minimum annual rent of $11,500 for the first two years of the term and $12,000 for the last three years of the term.  Commencing September 1, 1947, the landlord sent the tenant monthly bills for $1,150, representing a 15% advance over the minimum rent payable at the termination of the lease, which sum was described as " emergency rent " and was paid.  The bills recited, however, that they were without prejudice to the landlord's rights and indicated that the landlord considered a reasonable rent to be much higher.  By this proceeding the landlord seeks to have a higher " reasonable " rent determined, contending that the lease was on a graduated scale, inasmuch as the minimum rent increased from $11,500 to $12,000 a year during the term, and that the landlord is, therefore, entitled to a reasonable rent based on the rent charged for the most nearly comparable space under section 13 of the Business Rent Law (L. 1945, ch. 314 as amd. by L. 1947, ch. 823).  The tenant cross moved to dismiss the peti-

tion, contending that the rent under the lease was not on a graduated scale but was variable according to the volume of the tenant's business, and therefore the lease fell within that part of section 13 of the rent law which provides that variable leases shall continue without change, except in respect to minimum rent which shall be subject to the provisions of the act. From a denial of its cross motion to dismiss the petition, the tenant appeals.

While a lease with a variable rent and a lease with a graduated scale rent are alike exempt from the ordinary provisions in the rent law for determining statutory rent, they are different in fundamental respects and are treated entirely differently after their expiration under the rent law. The variable lease does not lend itself to the emergency rent formula except in respect to a fixed minimum rent and it was considered fair and equitable that such leases should be continued in accordance with their terms except for the application of the 15% emergency rent increase to the minimum rent figure. The graduated lease could not fairly be submitted to the emergency rent formula because the rent payable on the freeze date might not bear any proper relation to the rent value at that time, so the law provided that such a lease should be disregarded in fixing the statutory rent and that the reasonable rent should be fixed on the basis of the rent charged for the most nearly comparable space. It may be seen, therefore, that the opposite treatment was given to the two types of lease in determining the rent to be paid after the expiration of the lease. The variable lease was substantially preserved and the graduated lease was abrogated.

The lease in this case is clearly a variable lease. The landlord does not deny this fact but contends that it is also a graduated lease. We are unable to see how a lease may be treated under the different provisions of the rent law as both graduated and variable. The difficulty is indicated by the prayer of the landlord's petition to fix the reasonable rent at $35,000 per annum, which we assume is what the landlord considers to be the rent charged for the most nearly comparable business space, *plus* the percentage rent as provided in the lease. If that means that the landlord is to have the double advantage of adding the variable rent to the reasonable rent, the contention is clearly untenable. We do not consider that we are confronted with the problem of how such a dual lease might be treated, however, because we do not view this lease as being graduated within the statutory concept of a graduated lease. The lease is basically

and fundamentally a variable lease. The minimum rental is not the rent but merely a floor under the rent. The slight change in the minimum between $11,500 and $12,000 a year does not make or change the character of the lease. Regardless of whether such a slight step-up might be described as graduated, the only graduation is in the minimum rent, and the lease remains fundamentally a variable lease and should be so treated. The landlord is accorded all that he is entitled to under the rent law if the guaranteed rental is increased 15%. The practical and fair treatment of the lease, and that most consistent with the rent law, is the one which the landlord originally adopted and the tenant accepted, and that is to continue the lease as a variable lease, with a 15% increase in the minimum rent.

The order, so far as appealed from, should be reversed, with $20 costs and disbursements to the appellants and the motion granted.

GLENNON, DORE, VAN VOORHIS and SHIENTAG, JJ., concur.

Order, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the appellants and the motion granted. Settle order on notice.