In a proceeding under section 4 of the Commercial Rent Law (L. 1945, ch. 3, as amd.), to fix reasonable rent, order modified on the law and the facts by striking from the ordering paragraph the word, “ reasonable,” and substituting in place thereof the word, “ statutory,” and striking therefrom the words, “ $85,000 per annum,” and substituting in place thereof the words, “ $32,200 per annum plus 7% of the tenant’s annual gross business in excess of $400,000; and that the obligation of the tenant under the uhexpired lease to make repairs, etc., continue.” As thus modified, the order is unanimously affirmed, without costs. Findings numbered 11, 12, and 13 and both conclusions of law are reversed. Findings numbered 1 to 9, inclusive, are *791 affirmed. Under section 14 of the act, the lease is a variable lease with provision for a fixed minimum rent. The landlord is limited to an increase of 15% of the amount of the fixed minimum, the percentage of gross business to continue. (Matter of 500 Fifth Ave. [Wise Shoe Co.), 274 App. Div. 241, afEd. 300 N. Y. 491.) We do not follow the statement in Cortlandt & Fey Streets Corp. v. New York Lerner Co. (84 N. Y. S. 2d 9), that the 500 Fifth Avenue proceeding (supra) was to establish “ emergency rent.” The opinion in the 500 Fifth Avenue case (supra, p. 242) states that the proceeding is to fix a “ higher ‘ reasonable ’ rent.” In the case of occupancy following an expired variable lease, the sole statutory method of determining rent is provided by section 14 of the act; and section 4 is not applicable. There is no authority to fix a flat rent for such occupancy. Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and Mae-Crate, JJ. [See post, p. 796.]