Glennon, J.
The sole question presented by this submission is whether defendant landlord may, upon the facts stipulated, avail itself of the alternative provisions of section 4 of chapter 314 of the Laws of 1945, as amended, so as to have the rent of plaintiffs’ space fixed by the application of the square-foot formula.
*300 Both plaintiffs occupy business space in defendant’s building as statutory tenants. The lease of plaintiff Cortlandt Cafeteria, Inc., expired on January 31, 1950. It provided for a minimum annual rent of $26,500, plus 8% of its yearly gross receipts in excess of $331,250. Plaintiff Chas. W. Wolf, Inc., a statutory tenant since October 1,1947, has been paying a minimum rent of $10,350, which includes the 15% statutory increase, plus 7% of its annual gross receipts in excess of $128,571.42.
Defendant, as landlord, has instituted a proceeding pursuant to the alternative provisions of section 4 for the purpose of fixing a flat rental of plaintiffs’ respective space on the basis of the fair rental value per square foot. The proceeding is being held in abeyance pending the determination of this submitted controversy, wherein plaintiffs contend that the alternative provisions are not available to defendant, and the latter claims that they are. The issue, therefore, is whether an alternative proceeding may be maintained after the expiration of a variable lease for the purpose of fixing a flat rental.
Generally speaking a variable lease is one whereby a landlord acquires an interest in the tenant’s business and assumes a certain amount of business risk. The rent payable under such a lease may be considerably more than a reasonable rent, or it may be less. If the 15% emergency rent formula were to be applied to a variable lease, an injustice might be done either to the landlord or the tenant, depending upon whether the freeze date fell during the tenant’s good or bad business period. The Legislature recognized the considerations involved by setting such leases apart for special and separate treatment. The difficulties presented by variable leases were resolved by the enactment of section 13 which deals exclusively with variable and graduated leases. That section, as amended by chapter 326 of the Laws of 1950, and insofar as it relates to variable leases, reads as follows: ‘ ‘ Any lease existing or future wherein the specified rent or any part thereof is variable according to volume or other criteria of volume of the tenant’s business shall continue without change, but where such lease provides for the payment of a fixed, basic or minimum rent, such fixed amount shall be subject to the provisions of this act including all of the provisions of this section(Italics supplied.)
The foregoing is the only provision contained in the statute with respect to variable leases. The clear meaning of the provision is that upon the expiration of a variable lease, the percentage rent is to continue unchanged and unaffected by the provisions of the act and only the minimum rent reserved, if any, is *301 subject to the provisions of the emergency legislation. No authority is provided for the substitution of a flat rent in place of a variable rent.
Since the applicability of the act is limited to the guaranteed rental the square-foot formula may not be utilized for the purpose of fixing an increased minimum rent. The alternative provisions of section 4 provide a means of fixing a total rent. The word “ rent ” as used in the section is defined by statute to mean the total consideration paid for the use or occupancy of business space. Minimum rent however is not a total rent; it only constitutes part of the rent required to be paid. The same objection exists with regard to a proceeding under subdivision 1 of section 4. The landlord, therefore, is relegated to the provisions of section 13, which provides the sole statutory method of determining rent that is to be paid during the period of the emergency after the expiration of a variable lease. The same conclusion was reached by the Appellate Division, Second Department, in Matter of J. A. Kennedy Realty Corp. (C. Ludwig Baumann & Co.), (277 App. Div. 790).
Furthermore," any increase allowed in an alternative proceeding may not exceed 15% of the rent being paid by the tenant at the time the application is made. It is quite obvious therefore, that the same difficulties which led to the exclusion of percentage rents from the application of the 15% emergency rent formula exists with respect to the application of the square-foot formula. The 15% limitation imposed is a clear indication that the Legislature did not intend to subject variable leases to. the alternative provisions of section 4. It is argued that the provisions of section 13 merely afford a means of fixing an emergency rent, whereas the alternative provisions of section 4 provide a method of fixing a reasonable rent. The argument ignores the fact that the rent fixed in an alternative proceeding may be less than a reasonable rent despite the allowance of a 15% increase.
"While the foregoing disposes of the issue presented by the submitted controversy, it might be well to point out that section 13, as amended, provides a means of fixing a reasonable rent in situations such as here presented. In the Wise Shoe Co. case (274 App. Div. 241, affd. 300 N. Y. 491) it was held that the provisions of section 13 relating to graduated leases did not apply to variable leases. In that case the tenant was paying a percentage rent pins a guaranteed minimum, which included the 15% statutory increase, and the landlord sought to have a reasonable rent fixed on the basis of the rent charged for comparable space. In holding that the provisions applicable *302 to graduated leases did not extend to variable leases it was said that a landlord received all that he was entitled to under the rent law when the guaranteed rental was increased by 15%. Subsequent to the affirmance of the Wise Shoe Go. case (supra) by the Court of Appeals, the Legislature amended section 13 by adding the concluding clause of the above-quoted portion of the section (L. 1950, ch. 326). The amendment subjects the basic or guaranteed rent to “ all ” of the provisions of section 13, which includes the provisions for the fixation of a reasonable rent on a comparable basis. It does not necessarily follow that a minimum rent fixed pursuant to those provisions must be equal to the rent paid for comparable space, and that a tenant is to pay such minimum in addition to the percentage rent provided for in the expired lease. The restrictions and limitations found in section 4 are not carried over into section 13 so that the latter section permits the fixing of a minimum rent which, when added to the expected percentage rent established by competent evidence, will be equal to a reasonable rent. It is only the percentage rent that is to continue unchanged; the minimum rent may be increased where necessary in order that a landlord receive a reasonable total rent for the use and occupation of its business space.
Judgment should be directed in favor of plaintiffs, without costs, in accordance with the stipulation.