CORTLANDT CAFETERIA, INC., et al., Respondents, v. CORTLANDT AND DEY STREETS CORPORATION, Appellant.
In the Matter of J. A. KENNEDY REALTY CORPORATION, Appellant. C. LUDWIG BAUMANN & COMPANY, Respondent.

Argued April 2, 1951; decided April 13, 1951.

*Elmer J. Hoare* and *Alex L. Caccia, Jr.*, for appellant in Cortlandt Cafeteria case. I. Judicial review of fair rental value under section 4 is available in all cases of statutory tenancy, including those arising after expiration of variable rent leases. (*Matter of 500 Fifth Ave., Inc. [Wise Shoe Co.]*, 274 App. Div. 241, 300 N. Y. 491; *City Bank Farmers Trust Co.* v. *Caples Co.*, 276 App. Div. 428; *Matter of Zellner [Brooklyn Trust Co.]*, 299 N. Y. 243; *Twentieth Century Associates* v. *Waldman*, 294 N. Y. 571.) II. Section 13 preserves existing and future variable leases for the duration of their terms, but does not bar relief under section 4 after expiration of such leases. (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267; *Glauberman* v. *University Place Apts., Inc.*, 188 Misc. 277, 272 App. Div. 758, 297 N. Y. 587; *130 West 57 Corp.* v. *Hyman*, 188 Misc. 92; *King Arthur Restaurant* v. *London Terrace, Inc.*, 273 App. Div. 233; *New York Towers, Inc.*, v. *Lillian Sloane, Inc.*, 299 N. Y. 720; *500 Fifth Ave., Inc.*, v. *Dalsheim*, 300 N. Y. 587; *Yakus* v. *United States*, 321 U. S. 414; *Wasservogel* v. *Meyerowitz*, 300 N. Y. 125.) III. The 15% limitation upon allowable rent increases under subdivision 2 of section 4, as amended, does not bar the maintenance of the proceeding now pending against respondents. (*Matter of 792 Madison Ave., Inc. [Vraig]*, 277 App. Div. 975; *City of New York* v. *Interboro Fuel Corp.*, 185 Misc. 299.)

*Eugene J. Morris, Alfred J. Callahan* and *Eli Vigliano* for Cortlandt Cafeteria, Inc., respondent in Cortland Cafeteria case. Section 13 exclusively governs variable leases and under it the percentage of rental reserved in a variable lease continues without change both before and after expiration of the term of the lease to the exclusion of section 4, and such statu-

tory prescription operates fairly and equitably to both land-lord and tenant consistent with the basic pattern of the rent control acts. (*Matter of Harvey Holding Corp.* [*Satter*], 297 N. Y. 113; *New York Towers, Inc.,* v. *Lillian Sloane, Inc.,* 299 N. Y. 720; *Matter of 500 Fifth Ave., Inc.* [*Wise Shoe Co.*], 274 App. Div. 241, 300 N. Y. 491; *Matter of Kennedy Realty Corp.,* 277 App. Div. 796; *Seven Eleven Fifth Ave., Inc.,* v. *Herstein Co.,* 188 Misc. 713, 272 App. Div. 804; *Edythe Nelson, Inc.,* v. *500 Fifth Ave., Inc.,* 73 N. Y. S. 2d 299.)

*Henry L. Schaefer* and *Abbie Goldstein* for Chas. W. Wolf, Inc., respondent in Cortlandt Cafeteria case. The judgment in favor of plaintiffs, as requested in paragraph 7 of the submission, declaring that subdivision 2 of section 4 of the Emergency Business Space Rent Control Law does not apply to these plaintiffs tenants, should be affirmed.

*Patrick J. Mahoney* and *Thomas J. Foley* for appellant in Kennedy Realty Corporation case. I. Section 4 of the statute permits a landlord to seek a reasonable rent exceeding in amount the emergency rent without any exceptions. (*Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571; *Matter of 500 Fifth Ave., Inc.* [*Wise Shoe Co.*], 274 App. Div. 241, 300 N. Y. 491; *Cortlandt Cafeteria, Inc.,* v. *Cortlandt & Dey Sts. Corp.,* 277 App. Div. 299.) II. The reasonable rent to be fixed under section 4 should be a total rent for the tenant's occupancy.

*Edward S. Greenbaum, Jerome Handler* and *Herbert Feiler* for respondent in Kennedy Realty Corporation case. Section 14 of the Emergency Business Space Rent Control Law precludes any change in a variable lease except a 15% increase in the fixed rent. (*Matter of 500 Fifth Ave., Inc.* [*Wise Shoe Co.*], 274 App. Div. 241, 300 N. Y. 491.)

*Jay Leo Rothschild, amicus curiæ,* in support of respondents' position. The surest implementation of legislative intention is the construction of the Legislature's enactments so as to " suppress the mischief and advance the remedy ". The literal meaning of words must yield to the legislative intention. (*American Historical Soc.* v. *Glenn,* 248 N. Y. 445; *Henavie* v. *New York Central & H. R. R. R. Co.,* 154 N. Y. 278; *Surace* v. *Danna,* 248 N. Y. 18; *Matter of Genesee Valley Trust Co.* v.

*Glazer,* 295 N. Y. 219; *Holy Trinity Church* v. *United States,* 143 U. S. 457; *National Labor Relations Bd.* v. *Hearst Publications,* 322 U. S. 111; *Utah Junk Co.* v. *Porter,* 328 U. S. 39; *St. Nicholas Cathedral* v. *Kedroff,* 302 N. Y. 1; *People* v. *Friedman,* 302 N. Y. 75.)

*Per Curiam.* The statutory rent to which a landlord is entitled, and to which a tenant is subject, under a lease providing for a variable rental is controlled by section 14 of the Commercial Rent Law (L. 1945, ch. 3, as amd.) and by its prototype, section 13, in the Business Rent Law (L. 1945, ch. 314, as amd.), and not by section 4. Upon the expiration of such a lease — which prescribes, in addition to the percentage, a fixed, basic or minimum rent — the percentage portion of the rent is to continue without change and the fixed or minimum rent is to be increased by 15%. (See *Matter of 500 Fifth Ave., Inc. [Wise Shoe Co.],* 300 N. Y. 491, affg. 274 App. Div. 241; *500 Fifth Ave., Inc.,* v. *Dalsheim,* 300 N. Y. 587.) The " comparable " rent provision of the section — expressly limited in its operation to a lease calling for a rental on a graduated scale (see *Matter of Harvey Holding Corp. [Satter],* 297 N. Y. 113, 115) — does not apply to a variable rent lease.

In each of the cases now under consideration, therefore, the landlord is entitled only to the stipulated fixed minimum rent, plus 15% thereof, plus the percentage specified in the lease.

In the Cortlandt Cafeteria case, the judgment of the Appellate Division should be affirmed, without costs; in the Kennedy Realty Corporation case, the order should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ.. concur.

In the Cortlandt Cafeteria case: judgment affirmed.

In the Kennedy Realty Corporation case: order affirmed.